## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

ARTHUR JAMES ROGERS,           )
                               )
Petitioner,                    )
                               )
vs.                            )      NO. 3:08-CV-182
                               )
SUPERINTENDENT,                )
                               )
Respondent.                    )

## OPINION AND ORDER

This matter is before the court sua sponte pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Pursuant to Rule 4, the Court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." This rule provides the Court with a gate keeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. For the reasons set forth below, the court **DISMISSES WITHOUT PREJUDICE** this habeas corpus petition.


BACKGROUND

Petitioner Arthur Rogers, a prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his criminal sentence under cause number 3CR-216-1176-960 in the Lake Superior Court.

DISCUSSION

Before a habeas petitioner may present his claims to this court, he must have exhausted the issues he presents in his petition, as required by 28 U.S.C. § 2254(b)(1)(A). That statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies constitutes a procedural default. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before seeking federal review of these claims. *O'Sullivan v. Boerckel*, 526 U.S. 383, 844 (1999).

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid.*

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

2

Here, Rogers states that he did not file a direct appeal. (Petition at ¶ 6, DE# 1 at 1). He also states that he has not filed any other "petitions, applications, or motions concerning this judgment of conviction in any state court." (Petition at ¶ 8, DE# 1 at 2). The habeas corpus petition twice asks that he explain why he did not exhaust his state remedies, but in neither instance did he answer these questions. See Petition at 12.1.(b) and 12.2(b), DE# 1 at 4.

Because Rogers has not exhausted his a state remedies, he may not proceed on this petition.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 of the Rules Governing Section 2254 Cases.


CONCLUSION

For the reasons set forth above, the court **DISMISSES WITHOUT PREJUDICE** this habeas corpus petition.



DATED:  April 23, 2008                 /s/RUDY LOZANO, Judge
                                        **United States District Court**

3